UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIRANDA R. STRICKLAND,<br><br>Plaintiff,<br><br>v.<br><br>AMSHER COLLECTION SERVICES, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:22-cv-01331<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MIRANDA R. STRICKLAND ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of AMSHER COLLECTION SERVICES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a consumer over 18 years of age residing in Houston, Texas, which is located within the Southern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a third party debt collector that claims to have been "recovering outstanding receivables with care & consistency for more than 30 years."[1]  Defendant is a corporation organized under the laws of the state of Alabama with its principal place of business located at 4524 Southlake Parkway, Suite 15, Hoover, Alabama.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding T-Mobile debt ("subject debt") said to be owed by Plaintiff.

10. Any services Plaintiff had with T-Mobile were for her personal purposes.

11. Upon information and belief, Defendant acquired collection rights to the subject debt sometime after Plaintiff allegedly defaulted on the subject debt.

---

[1] https://www.amsher.com/

12. In approximately early 2022, Plaintiff began receiving calls from Defendant to her cellular phone, (281) XXX-9969, seeking collection of the subject debt.

13. Defendant mainly uses the phone number 855-894-1090 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

14. Upon information and belief, the above referenced phone number ending in -1090 is regularly utilized by Defendant during its debt collection activity.

15. Upon speaking with Defendant, Plaintiff was informed that it was calling to collect upon the subject debt.

16. Defendant's harassing collection campaign caused Plaintiff to demand that it stop calling her.

17. However, rather than adhere to Plaintiff's demand that the phone calls stop, Defendant persisted in placing phone calls to Plaintiff's cellular phone seeking collection of the subject debt.

18. Frustrated and concerned by the nature of Defendant's collection conduct, Plaintiff spoke with the undersigned regarding her rights, resulting in the expenditure of time and accrual of resources.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692d**

25. The FDCPA, pursuant to 15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. Defendant violated §§ 1692d & d(5) when it repeatedly called Plaintiff after she demanded Defendant's calls cease. Defendant engaged in its campaign of phone calls not in a legitimate attempt to collect the subject debt from Plaintiff, but instead as a means to harass Plaintiff into submission.

    b. **Violations of FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

4

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

29. Defendant violated §§1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to ceaselessly contact Plaintiff with repeated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed voluminous calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment.

### c. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f when it unfairly harassed Plaintiff through repeated phone calls notwithstanding her demands and the information she provided to Defendant.

32. Defendant further violated § 1692f when it unfairly belittled Plaintiff and treated Plaintiff in a condescending manner.

WHEREFORE, Plaintiff, MIRANDA R. STRICKLAND, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6)&(7).

36. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

38. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone numerous times after he notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

39. Upon being told to stop, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

### b. Violations of TDCA § 392.304

6

40. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

41. Defendant violated the TDCA through the implicit misrepresentations made through calls placed to Plaintiff's cellular phone. Through its conduct, Defendant represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone absent her consent. Such ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, MIRANDA R. STRICKLAND, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 26, 2022                    Respectfully submitted,

s/ Nathan C. Volheim                     s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103         Eric D. Coleman, Esq. #6326734
Federal I.D. No. 3098183                 Federal I.D. No. 3442886
Counsel for Plaintiff                    Counsel for Plaintiff
Admitted in the Southern District of Texas   Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                 Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200      2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                  Lombard, Illinois 60148
(630) 568-3056 (phone)                   (331) 307-7648 (phone)

(630) 575-8188 (fax)  
nvolheim@sulaimanlaw.com

(630) 575-8188 (fax)  
ecoleman@sulaimanlaw.com

s/ Alejandro E. Figueroa  
Alejandro E. Figueroa, Esq. # 6323891  
Federal I.D. No. 3470107  
Counsel for Plaintiff  
Admitted in the Southern District of Texas  
Sulaiman Law Group, Ltd.  
2500 South Highland Ave., Suite 200  
Lombard, Illinois  
(630) 575-8181, ext. 120 (phone)  
(630) 575-8188 (fax)  
alejandrof@sulaimanlaw.com